**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 07-579-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Eladio Cabrera-Dominguez; Vidal Isais Montijo-Beltran, | ) | |
| Defendants. | ) | |

Pending before the Court is Defendant Eladio Cabrera-Dominguez's motion to suppress (Doc. # 25) which is currently set for evidentiary hearing on October 23, 2007. The Court has reviewed the motion and the Government's response (Defendant did not file a reply).

In it's response, the Government suggests that Defendant has not actually made any argument that would justify suppression or an evidentiary hearing. In other words, Defendant has not identified a single disputed issue of fact (or law) for the Court to resolve at the evidentiary hearing.

"A hearing is not required on a motion to suppress if the grounds for suppression consist solely of conclusory allegations of illegality." *United States v. Ramirez-Garcia*, 269 F.3d 945, 947 (9th Cir. 2001) (citing *United States v. Wilson*, 7 F.3d 828, 834 (9th Cir. 1993)). "An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court

1  to conclude that contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620
2  (9th Cir. 2001) (citing *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990); *United*
3  *States v. Irwin*, 612 F.2d 1182, 1187 n.14 (9th Cir. 1980); and *United States v. Carrion*, 463
4  F.2d 704, 706 (9th Cir. 1972)).

5  In his motion, Defendant seeks suppression of evidence seized from his person, his
6  residence, his vehicle, and "any" statements. Motion at 1. However, the Court agrees with
7  the Government that Defendant has made no allegation of law or fact which would justify
8  such result. First, as to the informant's tip, Defendant's entire argument is, "Defendant
9  contends that the tip's reliability is at issue in this case, and moves the Court to conduct an
10 evidentiary hearing to probe the facts presented by the government in support of its evidence
11 on this issue." Motion, part 2 at 3. Nothing in this sentence creates a contested issue of fact
12 for the Court to decide at an evidentiary hearing.

13 Second, on the issue of the reasonableness of the traffic stop, Defendant's entire
14 argument is, "Defendant submits that law enforcement officers lacked reasonable, articulable
15 suspicion to justify the seizure during the April 5, 2007 traffic stop in this case. Defendant
16 requests the Court conduct an evidentiary hearing to ascertain the specific facts through
17 testimony to determine whether the seizure was justified at its inception. If it was not, as
18 Defendant argues, then the resulting arrest and search were also not lawful." Motion part 2
19 at page 4. Here, again, Defendant proffers nothing more than conclusory allegations of
20 illegality. Thus, there is no disputed issue of fact on this issue necessitating an evidentiary
21 hearing.[1]

22 Third, with respect to the trash taken by the officers, Defendant's argument is,
23 "Defendant submits that any evidence seized from such trash (and to be used against him)
24 must have sufficient identifying characteristics so as to be tied to Defendant. Defendant

---

[1] In its response the Government includes the officer's reasons for the stop. However, the Government's choice to offer reasons in the face of no facts being offered by Defendant (and no reply disputing any of the Government's facts having been filed), does not create a <u>contested</u> issue of fact. It anything, it establishes the uncontested facts.

1 further submits that no such a connection or identification exists here, and moves the Court
2 to conduct an evidentiary hearing to further probe the matter, factually." Motion, part 2 at
3 4. The Court agrees with the Government that to the extent this raises any issue (Defendant
4 conceded that warrantless searches of trash outside the home is not prohibited), it is an issue
5 to be raised by objection at trial, and not a factual dispute necessitating an evidentiary
6 hearing.

7 Fourth, with regard to the warrants issued for the two home searches on April 13,
8 2007, Defendant's entire argument is, "Defendant challenges the sufficiency of the search
9 warrant affidavit, upon which the warrant was issued, and moves the Court to conduct an
10 evidentiary hearing to probe the facts relating to this issue and, specifically, to inquire of the
11 affiant as to its contents." Motion, part 2 at 4. As with Defendant's other arguments, no
12 disputed issue of fact is raised for the Court to resolve, nor is any legal argument in favor or
13 suppression advanced. Defendant's desire to examine the affiant on the search warrant
14 (neither a copy of the warrant, nor the name of the affiant are provided with Defendant's
15 motion) is insufficient to require this Court to conduct an evidentiary hearing.

16 Fifth, as to the execution of the search warrant, Defendant's entire argument is,
17 "Defendant submits that the manner in which the search warrant was executed at his
18 residence was unreasonable, in violation of this [sic] rights under the Fourth Amendment.
19 He seeks to probe the facts at an evidentiary hearing by questioning the officers regarding
20 the circumstances surrounding the execution of the warrant which, he argues, did not warrant
21 the means employed by law enforcement officers." Motion, part 2 at 4. Again, the Court is
22 faced with conclusory allegations of illegality. Defendant makes no factual argument about
23 how the warrant was executed, nor any legal argument as to how the style in which the
24 warrant was executed might lead to suppression of the evidence. Therefore, this also does
25 not justify an evidentiary hearing.

26 Finally, other than mentioning the suppression of "any statements" in the second
27 paragraph of the Motion, Defendant never mentions whether there actually were statements
28 nor does Defendant make any argument (factual or legal) for suppression. Thus, to the extent

1  this is an issue in this case, the Court does not find an evidentiary hearing necessary on this
2  record.

3        The Court notes that the co-Defendant, without making any arguments whatsoever,
4  joined the motion to suppress. That joinder, thus, has the exact same deficiencies as the
5  original motion.

6        Based on the foregoing,

7        **IT IS ORDERED** denying the motion to suppress evidence (Doc. #25) (as joined by
8  the co-Defendant, Doc. #26) and vacating the evidentiary hearing.

9        **IT IS FURTHER ORDERED** confirming the final pretrial conference on October
10  23, 2007 at 9:00 a.m.

11        **IT IS FURTHER ORDERED** that the Court will hear oral argument on Defendant
12  Cabrera-Dominguez's motion to sever at the final pretrial conference. To assist the Court,
13  the Government shall submit (by 5:00 p.m., Monday October 22, 2007) to the Court and
14  opposing counsel, the statements (of Defendant Montijo-Beltran) it intends to offer at trial
15  and the Government's proposed *Bruton* redactions, if any.

16        DATED this 19th day of October, 2007.

James A. Teilborg
United States District Judge